```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**CHARLES FLANDERS AND**
**CATHY FLANDERS**                                                **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO.: 3:04-CV-308**

**WAL-MART DISTRIBUTION CENTER A**
**DIVISION OF WAL-MART STORES, INC.**                             **DEFENDANT**


## OPINION AND ORDER

This cause is before the Court on the Motion of Plaintiffs for Judgment as a Matter of Law, or in the Alternative, for New Trial. Having considered the Motion, Response, Rebuttal and all attachments to each, as well as supporting and opposing authority, the Court finds that the Motion of Plaintiffs is not well taken and should be denied.

The undersigned presided over a jury trial in this case, which concluded on October 3, 2005. The jury found for the Defendant on all counts. On October 4, 2005, a Final Judgment was entered which reflected the jury's verdict, dismissing all of Plaintiffs' claims against Defendants. Aggrieved by the outcome of the case, Plaintiffs filed the subject Motion on October 14, 2005. The Motion is now ripe for consideration.

Defendants seek in part a judgment as a matter of law or alternatively, for a new trial.  Rule 50(a) of the Federal Rules of Civil Procedure sets forth the standard for granting judgment as a matter of law:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a).  The same standards apply to judgment as a matter of law and JNOV. Fed. R. Civ. P. 50(a) & (b).  In determining whether to grant a motion for judgment as a matter of law, the Court must apply the following standard:

> Such judgment should be granted only when the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict, viewing the facts in the light most favorable to the party against whom the motion is made, and giving that party the advantage of every fair and reasonable inference which the evidence justifies.  The standard for reviewing such motions is the same in the trial court and on appeal.  The court considers only the question of law regarding the sufficiency of the evidence to raise a jury issue.

Harwood & Associates, Inc. v. Texas Bank & Trust, 654 F.2d 1073, 1076 (5th Cir. 1981)(citing Boeing v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc)); see also Spuler v. Pickar, 958 F.2d 103, 105 (5th Cir. 1992) (applying the standard set forth in Boeing and Harwood).

With regard to a party's motion for a new trial, a new trial should not be granted "unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done...." 11 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2803, at 46 (2d ed. 1995).

Based on the evidence presented at trial as well as the record before the Court, the Court finds that Plaintiffs have not met their burden of establishing that they are entitled to either a judgment as a matter of law or a new trial in this case. Accordingly, these prayers for relief must be denied.

IT IS THEREFORE ORDERED that the Motion of Plaintiffs for Judgment as a Matter of Law, or in the Alternative, for New Trial is hereby denied.

SO ORDERED this the 28th day of November, 2005.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE